IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTWYN GIBBS,

    Plaintiff,

v.                                                        Case No. 2:21-cv-00377

DONNIE AMES, Superintendent,
Mount Olive Correctional Complex,[1]

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

    This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Plaintiff's Complaint (ECF No. 1) and his Applications to Proceed Without Prepayment of Fees and Costs (ECF No. 3 and 4).

    I.    *PLAINTIFF'S COMPLAINT AND REQUEST FOR RELIEF*

    Plaintiff's vague and convoluted complaint appears to be requesting temporary release from custody during the pendency of his state habeas corpus appeal in the Supreme Court of Appeals of West Virginia (the "SCAWV"), Case No. 20-0478. Plaintiff's request is made in the form of a request for injunctive relief under 42 U.S.C. § 1983 rather than through a petition for a writ of habeas corpus, which is the traditional and most appropriate vehicle for release from custody.  However, on October 13, 2021,

---

[1] The Clerk is directed to correct the spelling of the defendant's first name from "Donal" to "Donnie" as it is listed on the West Virginia Division of Corrections and Rehabilitation website.

the SCAWV affirmed the judgment of the Circuit Court of Fayette County denying Plaintiff's habeas corpus petition and dismissed the appeal. Accordingly, it appears that Plaintiff's request for temporary release from custody during the pendency of his state habeas corpus appeal proceedings is moot.

## II.   DISCUSSION

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the court can no longer remedy the inmate's grievance or grant the requested relief. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D. W. Va. 2007). Likewise, injunctive relief under § 1983 seeking temporary release during the pendency of Petitioner's state habeas appeal is mooted once the appeal is no longer pending. As noted above, Petitioner's state habeas corpus appeal has been resolved and dismissed; thus, this federal court is no longer able to grant his requested relief.

## III.   RECOMMENDATION

Because Plaintiff's request for injunctive relief in the form of temporary release during the pendency of his state habeas corpus appeal can no longer be granted, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's Complaint (ECF No. 1), **DENY** his Applications to Proceed Without Prepayment of Fees

and Costs (ECF Nos. 3 and 4) as moot, and **DISMISS** this civil action from the docket of the court.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

April 25, 2022

Dwane L. Tinsley
United States Magistrate Judge

3