```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**ANTWYN GIBBS,**

      **Plaintiff,**

v.                                            Civil Action No. 2:21-cv-00337

**DONNIE AMES, Superintendent,**
**Mount Olive Correctional Complex,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending is the plaintiff's complaint (ECF 1), filed June 14, 2021, and applications to proceed without prepayment of fees and costs (ECF 3 & 4), filed July 19 and July 26, 2021. The plaintiff brings an action for injunctive relief under 42 U.S.C. § 1983 seeking temporary release from state custody during the pendency of his habeas corpus appeal in the Supreme Court of Appeals of West Virginia ("SCAWV"). ECF 1 at 3.

### I.  Procedural History

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). On April 25, 2022, the magistrate

judge entered a PF&R recommending that the court dismiss the plaintiff's complaint as moot, deny his applications to proceed without prepayment of fees and costs as moot, and dismiss the case from the court's docket.  ECF 5 at 2-3.  Mr. Gibbs timely filed objections to the PF&R on April 29, 2022.  ECF 6.

## II.  Legal Standard

Upon objection to a PF&R, the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  Absent a "specific written objection," a district court is "free to adopt the magistrate judge's recommendation . . . without conducting a de novo review."   Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005).  The court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Opriano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

### III. Discussion

As an initial matter, the court notes that Mr. Gibbs' single page of objections largely fail to direct the court to a specific error in the PF&R.  Nevertheless, by liberally construing his objections, Mr. Gibbs appears to argue that, notwithstanding the resolution of his state court habeas corpus appeal, he should still be permitted to proceed with this civil action and that the magistrate judge erred in finding this matter moot.

The plaintiff's objections are without merit.  The plaintiff's complaint stated the following:

> Prayer for Relief: Plaintiff respectfully prays that this Court enter judgment granting plaintiff temporary release as to pending Case Appeal #20-0478 of West Virginia Supreme Court of Appeals.

ECF 1 at 3.

While the legal arguments and factual contentions contained in the complaint may have been, in the words of the magistrate judge, "vague and convoluted," ECF 5 at 1, the relief requested by the plaintiff was concrete and clearly stated. Plaintiff sought to be released from custody during the pendency of a state court habeas corpus appeal that he averred was unconstitutionally delayed.  That state court appeal has since

been resolved by Memorandum Decision of the SCAWV on October 13, 2021, a fact which plaintiff concedes in his objections.  See ECF 6.  As the magistrate judge ably and accurately assessed, the resolution of the state court case from which Mr. Gibbs sought relief means that the case currently before this court has been rendered moot.

Under the United States Constitution, this court has jurisdiction only as to actual cases or controversies.  U.S. Const., art. III, § 2.  A case or controversy must be present "both at the time the lawsuit is filed and at the time it is decided."  Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983) (emphasis in original).  Thus, where such cases or controversies cease to exist during the pendency of an action before the court, they are said to be "moot" and deprive a federal court of continuing jurisdiction, absent circumstances not present here.  An inmate's action for injunctive or declaratory relief is moot where a favorable decision could no longer have a practical impact on his rights or redress the injury he originally asserted.  Incumaa v. Ozmint, 507 F.3d 281, 287 (4th Cir. 2007); see also Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

4

Even if Mr. Gibbs had made out a viable claim under Section 1983, a favorable decision granting him temporary release from state custody during the pendency of his state habeas corpus appeal would be moot because his state court appeal has been finally resolved and is no longer pending. There being no live controversy on the matter, this civil action has been rendered moot and the court lacks subject matter jurisdiction to continue.

Inasmuch as the plaintiff's objections renew substantive discussion of contentions raised in the complaint regarding his alleged illegal extradition from South Carolina, the court notes (as does the plaintiff in his submissions) that these matters are properly under consideration in several other pending civil actions this plaintiff has filed in the federal courts of the Southern District of West Virginia and the District of South Carolina.

### IV. Conclusion

Based upon the foregoing discussion, it is ORDERED that:

1. The PF&R (ECF 5) be, and hereby is, ADOPTED and incorporated herein;

2. The plaintiff's objections (ECF 6) be, and hereby are, DENIED;

3. The plaintiff's complaint (ECF 1) be, and hereby is, DISMISSED;

4. The plaintiff's applications to proceed without prepayment of fees and costs (ECF 3 & 4) be, and hereby are, DENIED;

5. This civil action be, and hereby is, STRICKEN from the court's docket.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: September 30, 2022

John T. Copenhaver, Jr.
Senior United States District Judge